[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the court on plaintiff Lisa Breen Vincent's motion to strike the statute of limitations defense raised by the defendants in their answer to the plaintiff's amended complaint. The plaintiff's motion to amend her complaint by adding the corporate defendant Paul L. Rossignoli, M.D., Inc. was previously granted pursuant to Super. R. Civ. P. 7(b)(3), as the defendant failed to object to the motion.
The plaintiff learned of the existence of the professional corporation, Paul L. Rossignoli, M.D., Inc., by way of the defendant's answer to an interrogatory propounded by the plaintiff. As a result, the plaintiff subsequently filed a motion to amend her complaint in order to add the professional corporation as a defendant by invoking the "relation back" provisions of Rule 15(c) of the Superior Court Rules of Civil Procedure. Rule 15(c) permits an amendment adding a party to relate back to the date of the original pleading if three conditions are met: (1) the claim against the new party arises out of the same occurrence as the original pleading, (2) the new party received notice of the institution of the action before the limitations period expired, and (3) the new party knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him. The applicability of Rule 15(c) to the case at bar is determinative of whether the statute of limitations defense should be stricken from the defendant's answer to the amended complaint.
In this regard, the court is of the opinion that the plaintiff has sufficiently demonstrated that the present circumstances place this case within the ambit of Rule 15(c). The claim against the Paul L. Rossignoli, M.D. corporation clearly arose out of the same occurrence as the original pleading. There is also no question that the new party received notice of the action before the limitations period had expired. Lastly, it is likely that the doctor's own professional corporation in this instance knew or should have known that but for a mistake, it would have been a named defendant in the original pleading.
Therefore, for the reasons set forth above, the plaintiff's motion to strike the defendant's statute of limitations defense is granted. Counsel are directed to prepare an order in conformity with this decision.